Case 2:18-mj-00517-DUTY *SEALED* Document 3 *SEALED* Filed 03/26/18 Page 1 of 10 Page ID #:44
Case 2:18-cv-10511-FMO-E Document 2 Filed 03/07/19 Page 1 of 10 Page ID #:187

AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Cellular Telephone Seized on July 16, 2017, and in the<br>Custody of LA IMPACT in Commerce, CA | )<br>)<br>) Case No.  2:18-MJ-517<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Central   District of   California
*(identify the person or describe the property to be searched and give its location)*:

  See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

  See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.   Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before   14 days from the date of its issuance
                                                                                                                                     *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.       ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                                                            *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30)*.
                                                                       ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   3/7/2018   10:50 a.m.                                      _____
                                                                                                                                *Judge's signature*

City and state:   Los Angeles, California                                Hon. Michael R. Wilner, U.S. Magistrate Judge
                                                                                                              *Printed name and title*

AUSA: Veronica Dragalin (x0647)

Case 2:18-mj-00517-DUTY Document 3 Filed 03/26/18 Page 2 of 10 Page ID #:88
Case 2:18-mj-00517-DUTY *SEALED* Document 2 *SEALED* Filed 03/07/18 Page 2 of 10
Page ID #:45

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:18-MJ-517 | Date and time warrant executed: March 13, 2018 | Copy of warrant and inventory left with: N/A |

Inventory made in the presence of :
DEA Special Agent Lydia Kelly

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

One Kryptall phone contained within a Kryptall case

**Certification** (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: March 23, 2018

*Executing officer's signature*

Sean M. Hall, DEA Special Agent
*Printed name and title*

AUSA: Veronica Dragalin (x0647)

**ATTACHMENT A**

PROPERTY TO BE SEARCHED

    The following digital device seized on July 16, 2017, from 14500 Sherman Circle, #544, Van Nuys, California, and currently maintained in the custody of LA IMPACT in Commerce, California: a Kryptall phone.

**ATTACHMENT B**

**I.   ITEMS TO BE SEIZED**

1.   The items to be seized are the fruits, evidence, and instrumentalities of violations of the Title 21, United States Code, Sections 841 and 846 (Possession with Intent to Distribute and Distribution of a Controlled Substance and Conspiracy), Title 18, United States Code, Sections 922(g)(1) (Felon in Possession of Firearms or Ammunition), and 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) (collectively, the "Target Offenses"):

   a.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers.

   b.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from the SUBJECT DEVICE and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls.

   c.   Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device relating to the Target Offenses;

26

      d.   Data, records, documents, programs, applications or materials relating to the trafficking of controlled substances, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when controlled substances, were bought, sold, or otherwise distributed;

      e.   Data, records, documents, programs, applications or materials relating to the trafficking of firearms, and/or ammunition, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when firearms or ammunition were bought, sold, or otherwise distributed;

      f.   Audio recordings, pictures, video recordings or still captured images related to the purchase, sale, transportation, possession, or distribution of controlled substances, firearms, or ammunition, or the collection, transfer or laundering of the proceeds of illegal activities;

      g.   Contents of any calendar or date book stored on any of the digital device;

      h.   Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

      i.   The SUBJECT DEVICE if it was used to facilitate the above-listed violations (and forensic copies thereof).

  2.   With respect to the SUBJECT DEVICE if it was used to facilitate the above-listed violations or containing evidence

falling within the scope of the foregoing categories of items to be seized:

       a.   evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

       b.   evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

       c.   evidence of the attachment of other devices;

       d.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

       e.   evidence of the times the device was used;

       f.   passwords, encryption keys, and other access devices that may be necessary to access the device;

       g.   applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

       h.   records of or information about Internet Protocol addresses used by the device;

　　　　　　i.　records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

## II.　SEARCH PROCEDURE FOR DIGITAL DEVICES

　　3.　In searching the SUBJECT DEVICE (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

　　　　a.　Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") may search any device capable of being used to facilitate the above-listed violations or containing data falling within the scope of the items to be seized.

　　　　b.　The search team will, in its discretion, either search the SUBJECT DEVICE where it is currently located or transport it to an appropriate law enforcement laboratory or similar facility to be searched at that location.

　　　　c.　The search team shall complete the search of the SUBJECT DEVICE as soon as is practicable but not to exceed 120 days from the date of issuance of the warrant.  The government will not search the SUBJECT DEVICE beyond this 120-day period without first obtaining an extension of time order from the Court.

　　　　d.　The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i. The search team may subject all of the data contained in the SUBJECT DEVICE capable of containing any of the items to be seized to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the scope of the items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of the items to be seized.

ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

e. If the search team, while searching the SUBJECT DEVICE, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of the SUBJECT DEVICE pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

f. If the search determines that the SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

g. If the search determines that the SUBJECT DEVICE does contain data falling within the list of items to be seized,

the government may make and retain copies of such data, and may access such data at any time.

       h.    If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of items to be seized, the government may retain forensic copies of the SUBJECT DEVICE but may not access data falling outside the scope of the items to be seized (after the time for searching the device has expired) absent further court order.

       i.    The government may retain the SUBJECT DEVICE itself until further order of the Court or one year after the conclusion of the criminal investigation or case (whichever is latest), if the SUBJECT DEVICE is determined to be an instrumentality of an offense under investigation. If the SUBJECT DEVICE is not an instrumentality, the government may retain the SUBJECT DEVICE itself only if the government, within 14 days following the time period authorized by the Court for completing the search, obtains an order from the Court authorizing retention of the SUBJECT DEVICE or while an application for such an order is pending). Otherwise, the government must return the devices.

       j.    After the completion of the search of the SUBJECT DEVICE, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    4.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices

31

pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.